UNITED STATES DISTRICT COURT2:12-cv-00502

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM L. HUNTLEY,<br><br>                         Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                         Defendant. | NO:  CV-12-228-FVS<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

Before the Court are cross-motions for summary judgment, ECF Nos. 14,

17.  The Court has reviewed the motions, the memoranda in support, the Plaintiff's

reply memorandum, and the administrative record.

## JURISDICTION

Plaintiff William Huntley protectively filed applications for Supplemental

Security Income ("SSI") and Social Security Disability Insurance ("SSDI") on July

27, 2009.  (Tr. 16, 169, 176.)  Plaintiff alleged an onset date of October 31, 2003,

in both applications.  (Tr. 169, 176.)  Benefits were denied initially and on

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

reconsideration.  On April 6, 2010, Plaintiff timely requested a hearing before an administrative law judge ("ALJ").  (Tr. 113-14.)  A hearing was held before ALJ Caroline Siderius on December 1, 2010.  (Tr. 37-85.)   At that hearing, testimony was taken from psychological expert Donna Mary Veraldi, Ph.D.; vocational expert Jennie Lou Lawson; and the claimant, Mr. Huntley.  (Tr. 37.)  Plaintiff was represented by attorney Maureen Rosette.  (Tr. 16, 37.)  On January 11, 2011, ALJ Siderius issued a decision finding Plaintiff not disabled.  (Tr. 16-25.)  The Appeals Council denied review.  (Tr. 1-3.)  This matter is properly before this Court under 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of this case are set forth in the administrative hearing transcripts and record and will only be summarized here.  The Plaintiff was forty-eight years old when he applied for benefits and was fifty years old when ALJ Siderius issued her decision.  The Plaintiff currently is unemployed and lives in the apartment of a friend.  The Plaintiff last worked for a cabinet maker in 2003 but lost that job due to missing too many days.  (Tr. 53, 183-84, 185.)  The Plaintiff describes myriad conditions that keep him from finding employment, including back pain, depression, memory problems, and the need to frequently urinate.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 2

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a

Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the

Commissioner's decision, made through an ALJ, when the determination is not

based on legal error and is supported by substantial evidence.  *See Jones v.*

*Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The

[Commissioner's] determination that a claimant is not disabled will be upheld if

the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*,

722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial

evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,

1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McCallister v. Sullivan*,

888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and*

*Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)).  Substantial evidence "means

such evidence as a reasonable mind might accept as adequate to support a

conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).

"[S]uch inferences and conclusions as the [Commissioner] may reasonably draw

from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293

(9th Cir. 1965).  On review, the court considers the record as a whole, not just the

evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

such severity that Plaintiff is not only unable to do his previous work but cannot,

considering Plaintiff's age, education and work experiences, engage in any other

substantial gainful work which exists in the national economy.  42 U.S.C.

§§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both

medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156

(9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process

for determining whether a claimant is disabled.  20 C.F.R. §  416.920.  Step one

determines if he or she is engaged in substantial gainful activities.  If the claimant

is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§

404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision

maker proceeds to step two and determines whether the claimant has a medically

severe impairment or combination of impairments.  20 C.F.R.

§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe

impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which

compares the claimant's impairment with a number of listed impairments

acknowledged by the Commissioner to be so severe as to preclude substantial

gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 5

C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If the plaintiff is able to perform his or her previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d

1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

ALJ Siderius found that the Plaintiff met the insured status requirement

through December 31, 2006.  (Tr. 18.)  At step one of the five-step sequential

evaluation process, the ALJ found that Plaintiff has not engaged in substantial

gainful activity since October 31, 2003, the alleged date of onset.  (Tr. 18.)  At step

two, the ALJ found that Plaintiff had the severe impairments of: (1) degenerative

disc disease, (2) depression, and (3) anxiety.  (Tr. 18.)  The ALJ found that none of

the Plaintiff's impairments, taken alone or in combination, met or medically

equaled any of the impairments listed in Part 404, Subpart P, Appendix 1 of 20

C.F.R.  (Tr. 19.)  The ALJ determined that the Plaintiff had the RFC to perform a

wide range of light work, subject to a variety of non-exertional limitations.  (Tr.

20.)  Based on these limitations, the ALJ found that claimant could not perform

any relevant past work.  (Tr. 23.)  At step five, the ALJ, relying on a vocational

expert, found that the Plaintiff could perform jobs that exist in significant numbers

in the national economy.  (Tr. 24.)  Accordingly, the ALJ found that the Plaintiff

was not under a disability for purposes of the Act.  (Tr. 25.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

## ISSUES

Plaintiff argues that ALJ Siderius erred by impermissibly rejecting the opinion of examining psychologist, Frank Rosenkrans, Ph.D.   Plaintiff further argues that when Dr. Rosenkrans' opinion is properly credited, the record establishes that Mr. Huntley is entitled to benefits.

## DISCUSSION

In evaluating a disability claim, the adjudicator must consider all medical evidence provided.  A treating or examining physician's opinion is given more weight than that of a non-examining physician.  *Benecke v. Barnhart,* 379 F.3d 587, 592  (9th Cir. 2004).  If the treating physician's opinions are not contradicted, they can be rejected by the decision-maker only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  If contradicted, the ALJ may reject the opinion with specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463 (9th Cir. 1995).  In addition to medical reports in the record, the testimony of a non-examining medical expert selected by the ALJ may be helpful in her adjudication. *Andrews,* 53 F.3d at 1041 *(citing Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989).  Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir 1989). The ALJ need not accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical finding." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (*citing Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the purpose for which the doctor's report was obtained and for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996.) Rejection of an examining medical source opinion is specific and legitimate where the medical source's opinion is not supported by his own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Dr. Rosenkrans examined Mr. Huntley twice. (Tr. 256-267, 304-09.) He opined that Mr. Huntley was "severely depressed, discouraged, and withdrawn, and most likely meets criteria for a major depressive episode." (Tr. 260.) He also noted that Mr. Huntley "demonstrates a degree of somatic concerns that is unusual

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 9

even in clinical samples" and that are "likely to be chronic and accompanied by fatigue and weakness that renders the respondent incapable of performing even minimal role expectations." (Tr. 260.) Dr. Rosenkrans further opined that Mr. Huntley's depression "impairs [his] ability to get up, get out of the house, and perform work." (Tr. 305.) He described marked limitations to Mr. Huntley's social functioning. (Tr. 307.)

In contrast to Dr. Rosenkrans opinions stand two non-examining medical sources. Jerry Gardner, Ph.D., a reviewing state-agency consultant, produced a mental RFC and completed a Psychiatric Review Technique Form on behalf of Disability Determination Services ("DDS"). (Tr. 284-300.) Dr. Gardner concluded that Mr. Huntley was "capable of simple and complex work activities." (Tr. 286.) While Dr. Gardner recognized that Mr. Huntley suffered an adjustment disorder that produced moderate limitations in Mr. Huntley's social functioning, (Tr. 285, 290), Dr. Gardner ultimately concluded that Mr. Huntley could "carry out basic task related social interactions with coworkers and supervisors" but "would do best with superficial public contact." (Tr. 286.)

The second non-examining source was the testifying psychological expert, Dr. Veraldi. Dr. Veraldi directly addressed Dr. Rosenkrans' conclusions in her testimony. (Tr. 48-52.) Dr. Veraldi rejected the notion that Mr. Huntley had any severe impairments. (Tr. 49.) Dr. Veraldi further called into question the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

methodology of Dr. Ronsenkrans.  Specifically, Dr. Veraldi opined that Dr.

Rosenkrans erred by relying on a Personality Assessment Inventory ("PAI") that

returned an invalid score.  (Tr. 50-52.)

"The opinion of a nonexamining physician cannot by itself constitute

substantial evidence that justifies the rejection of the opinion of [] an examining

physician . . . ."  *Lester*, 81 F.3d at 831.  However, where, as here, the examining

physician's opinion is contradicted by medical evidence, the opinion may be

rejected if the ALJ provides specific and legitimate reasons supported by

substantial evidence in the record.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th

Cir. 1995).

ALJ Siderius addressed Dr. Rosenkrans' opinion in depth.  She gave Dr.

Rosenkrans' opinion little weight based on the invalidity of the PAI and the

claimant's lack of credibility.  With regard to the PAI, the ALJ noted that Dr.

Rosenkrans recognized that the validity results raised "the possibility of a mild

exaggeration of complaints and problems," and implied that Mr. Huntley "may not

have answered in a completely forthright manner."  (Tr. 259.)  While Dr.

Rosenkrans ultimately concluded that this exaggeration should be interpreted as a

"cry for help," he recognized the possibility that "the interpretive hypotheses

presented in [the] report could over represent the extent and degree of significant

test findings."  (Tr. 259.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

The ALJ concluded that Mr. Huntley's subjective complaints were not credible.   The ALJ noted that Mr. Huntley has been inconsistent in reporting his use of alcohol.  (Tr. 23.)  Mr. Huntley testified at the December 1, 2010, hearing that he had not had a drink in four or five years, (Tr. 45); however, Mr. Huntley reported to Dr. Rosenkrans in 2009 that "he last drank alcohol 3 weeks ago."  (Tr. 257.)  At a separate medical appointment one month after meeting with Dr. Rosenkrans, Mr. Huntley reported drinking a six-pack of beer the night before. (Tr. 269.)

The ALJ also noted that while Mr. Huntley's testimony described severe memory problems, (Tr. 59, 62-63), and Mr. Huntley reported severe symptoms of depression and anxiety, (Tr. 259-60), yet Mr. Huntley has never sought mental health treatment.  Unexplained failure to seek treatment can support an adverse credibility finding.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Mr. Huntley's lack of credibility in the mental health context is confirmed by his lack of credibility in the physical health context.  The ALJ notes that not only is there no medical evidence to support Mr. Huntley's claims of pain, s*ee* (Tr. 268-74), but Mr. Huntley's alleged physical limitations are also belied by his self-reported daily activities.  (Tr. 206-08); *Fair*, 885 F.2d at 603.  Accordingly, the ALJ's adverse credibility determination is supported by clear and convincing reasons.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

That adverse credibility finding not only confirms the flaws in the testing identified by Dr. Rosenkrans and Dr. Veraldi but also undermines the remainder of the assessment that was based on Mr. Huntley's subjective complaints. *Flaten*, 44 F.3d at 1463-64. Dr. Rosenkrans did not directly observe symptoms of depression or anxiety in Mr. Huntley. (Tr. 305.) The narrative supporting the June 4, 2009, opinion repeatedly relies on information that Mr. Huntley "reports," "indicates," or "describes." (Tr. 260-61.) When Mr. Huntley's lack of credibility is combined with the flaws in the objective testing, and the contradictory opinions of two non-examining medical sources, it comprises substantial evidence in the record to support the ALJ's decision discounting the opinion of Dr. Rosenkrans.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Plaintiff's motion for summary judgment, ECF No. 14, is DENIED.

2. The Defendant's motion for summary judgment, ECF No. 17, is GRANTED.

3. JUDGMENT shall be entered for the Defendant.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to counsel, and to close this file.

**DATED** this 17th of October 2013.

*s/ Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge